## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed November 27, 1891.

LEWIS F. BOWEN, SR.,

VS.

E. L. TUNIS, ET AL.

*S. S. Field* and *Samuel Regester* for plaintiff.

*Gans & Haman* for defendants.

PHELPS, J.—

This case turns mainly upon questions of fact. Conflict of direct testimony apart, there are circumstances in my opinion irreconcilable with any other theory of the disputed $6,000 transaction than that advanced by the defendants; that the three houses were sold to the plaintiff at that valuation less the amount of the mortgage. As to the question of prices, the plaintiff knew, or ought to have known, the prices of each article at the time of delivery. Upon sound principles of business dealing as well as equity, after a delay of five or six years, he must now be taken to have acquiesced.

There has been no misrepresentation and no concealment. There was the opportunity for information and the motive for acquiring it. The litigation would probably never have occurred if the plaintiff had at an earlier stage, secured the services of the counsel who has shown much ability in attempting to rectify his position. To counsel on both sides special acknowledgments are due for the fullness and clearness of oral and written arguments. The labors of the court have been materially assisted and the necessity for a lengthy opinion obviated. It being understood that a decision for the defendants upon the two points mentioned would amount practically to a decision that there were no profits to be accounted for, the bill will accordingly be dismissed.

## CIRCUIT COURT OF BALTIMORE CITY

WILLIAM S. TAYLOR, JR., ET AL.,

VS.

O. W. MITCHELL, ET AL.

*J. J. Alexander* and *Jos. P. Merryman* for plaintiffs.

*Robert H. Smith* and *Alfred S. Niles* for defendants.

DENNIS, J.—

If, as the bill alleges, the claim of Mrs. Miller, is a fraudulent one and was allowed through collusion with the trustee, then the amount audited to her must be turned back into the general assets of the estate, to be distributed among the other creditors. No collusion on the part of the other creditors, or such other conduct as would estop them from participating in this distribution, is alleged. The sureties on the trustee's bond are clearly responsible for the *full amount* of his defalcation, what interest have they then in this controversy? If those who are entitled to participate in the event of Mrs. Miller's claim being declared fraudulent and the amount audited to her being turned back into the general estate for distribution, do not object, who can object? It is money to which *they alone are entitled* which is being disposed of, money which the sureties are bound to pay, and it is immaterial to the latter to which creditors it is to be paid; they are bound for it in any event. If a creditor had filed this bill, a very different case would be presented and the language of the Court of Appeals saying the audit could be set aside by proper proceedings in this court must be construed as having reference to a proceeding by *proper parties*—by someone who has a standing in court to complain. For these reasons the demurrer will be sustained.

Judge Dennis, in conformity, with the above opinion, signed a decree dismissing the bill, with costs to the defendants.